IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TODD COLE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Civil Action 1:22-cv-00099-TFM-N |
| | * | |
| 3 CIRCLE CHURCH, INC. and | * | |
| BLAKE STANLEY, | * | |
| | * | |
| Defendants. | | |

### BRIEF OF DEFENDANT 3 CIRCLE CHURCH, INC.
### SUPPORTING BILL OF COSTS
### AND MOTION TO RETAX COSTS

Pursuant to Fed.R.Civ.P. 54(d) and Local Rule 54.1, 3 Circle Church, Inc. ("3Circle') submits this brief in support of its Bill of Costs and requests that the Court re-tax any costs requested in the Bill of Costs that are not awarded by the Clerk.

1. On January 7, 2022, Plaintiff Tood Cole filed this action in the Circuit Court of Baldwin County alleging claims under Title VII of the Civil Rights Act of 1964. (Doc. 1-1, PageID 8-13). Defendant 3Circle timely removed this case to Federal Court and paid a $402.50 filing fee (Doc. 92-1, PageID 1068-1070).

2. On February 26, 2024, this Court granted summary judgment in favor of 3Circle and against Plaintiff Todd Cole on all claims in his complaint against

3Circle. In the Bill of Costs and this motion, 3Circle seeks two types of taxable costs: (i) fees of the clerk for removing this action to federal court and (ii) costs incurred relating to the depositions in this action which includes the cost of court reporters, transcripts and videographers.[1]

3. "[C]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless the Court otherwise directs." Fed.R.Civ.P. 54(d)(1). "[T]hat a court disposes of a case at the summary judgment stage is no impediment to an award of costs, provided that they were reasonably necessary for use in the case." *Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1243 (7th Cir. 1985) (taxing costs post-summary judgment for the "charges incurred . . . in obtaining the original transcript of [plaintiff's] deposition"); accord *Jeffries v. Georgia Residential Finance Authority*, 90 F.R.D. 62, 64 (N.D. Ga. 1981) (taxing costs for depositions, including the "costs of copies of depositions taken by an opponent"); *Fleicher v. A.A.P. Inc.*, 36 F.R.D. 31, 35 (S.D.N.Y. 1964) ("The fact that an action was dismissed prior to trial on defendant's motion for summary judgment is no reason for disallowing the costs of the taking of [a] deposition.").

---

[1] Due to violent text messages sent by the Plaintiff, Defendants sought to take the deposition of Plaintiff Todd Cole in the federal courthouse. The motion was denied but set forth that "any deposition in this civil action case must be taken by videoconference upon the written demand of any party served on all the other parties." (Doc. 23, PageID 123). Based on this language and the fear of counsel for both defendants and their witnesses that needed to be present during the depositions of Cole's witnesses, both defendants requested that those depositions be videotaped.

4. Taxable costs are defined in 28 U.S.C. §1920. "In the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs," *Loughan v. Firestone Tire & Rubber Co.*, 749 F.2d 1519, 1526 (11th Cir. 1985) (citing *United States v. Kolesar*, 313 F.2d 835 (5th Cir. 1963)), and possess "wide and general discretion . . . to assess special costs," *Harrington v. Texaco, Inc.,* 339 F.2d 814, 821 (5th Cir. 1964). "Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party," and the "loser bears [the] burden" of "overcom[ing] this presumption by pointing to some impropriety on the part of the prevailing party that would justify a denial of costs . . . because the denial of costs is by nature a penalty." *Nat'l Info. Serv., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471-72 (9th Cir. 1995).

5. 3Circle seeks a total of $12,039.20 in taxable costs from Plaintiff Todd Cole. These expenses were reasonably and necessarily incurred in this case. All were necessary to 3Circle's Motion for Summary Judgment.

6. Transcripts. Under 28 U.S.C. §1920(2), taxable costs include "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case" and, specifically, costs of pretrial deposition transcripts. *United States v. Kolesar*, 313 F.2d 835, 837, 839-40 (5th Cir. 1963); 4 MOORE'S FEDERAL PRACTICE ¶26.82, at 519-20 (2d ed.) ("As a general principle, the costs of taking depositions will be taxed in favor of the prevailing

party, if the taking of the deposition was reasonably necessary."). A deposition is "reasonably necessary" when it is used to support a successful motion for summary judgment. *Sisk v. Marriott's Grand Hotel*, CV 92-0498-AH (S. D. Ala. 1993); *Card v. State Farm Fire & Casualty Co.*, 126 F.R.D. 658 (D.C. Miss. 1987), aff'd, 902 F.2d 957 (5th Cir. 1988). Costs for a deposition transcript not actually used for summary judgment purposes are also taxable if the transcript can "reasonably be expected to be used for trial preparation." *Folgman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). This court has utilized this principle in awarding depositions costs to a prevailing defendant. See *Wilson v. Mobile Aerospace Engineering, Inc.*, CV-92-0369-BH-M (S.D. Ala. 1993).

7. This principle includes, for example, those transcripts that would be "used by counsel to structure their questioning of the witnesses," *NISSHO-IWAI Co. v. Occidental Crude Sales, Inc.*, 729 F.2d 1530, 1553 (5th Cir. 1984), to prepare a witness for testimony, *Meder v. Everest & Jennings*, 553 F. Supp 149, 150 (E.D.Mo. 1982), for cross examination or impeachment. Id.; see also *Marcoin v. Edwin K. Williams & Co.*, 88 F.R.D. 588, 592 (E. D. Va. 1980).

8. 3Circle deposed Plaintiff Todd Cole, Cole's wife, and Chad Smith, an individual Cole claimed in his Initial Disclosures had knowledge of a substantial

amount of Cole's claims.[2] Cole deposed 3Circle Executive Pastors Chris Bell, Russell Creel and defendant Blake Stanley. 3Circle was required to obtain copies of the transcripts and exhibits for use at summary judgment and possible trial preparation. The videos, although not used at summary judgment, would certainly have been used at trial.

    Accordingly, 3Circle is entitled to an award of taxable costs and to an award of any costs in the Bill of Costs that are not awarded by the Clerk.

    Respectfully submitted this 11th day of March, 2023.

                                 **/s/ ELIZABETH DARBY REHM**
                                 ELIZABETH DARBY REHM

(REHME4348)

**OF COUNSEL:**

JOHNSTONE ADAMS LLC
1 St. Louis Centre
1 St. Louis Street, Ste. 4000
Mobile, AL  36602
(251) 432-7682

edr@johnstoneadams.com

## CERTIFICATE OF SERVICE

    I hereby certify that on March 11, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record.

    Edward L.D. Smith                            Max Cassady, Esq.

---

[2] Unfortunately, Cole' deposition took two days based on his unresponsiveness, actions, continuous talking and refusal to stop interrupting Counsel for 3Circle on multiple occasions.

| | |
|---|---|
| P.O. Box 1643 | 23710 U.S. Highway 98, Suite D |
| Mobile, AL 36633 | Fairhope, AL 36532 |

                                                **/s/ ELIZABETH DARBY REHM**
                                                ELIZABETH DARBY REHM